UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN & REBECCA FRANKEBERGER,

Plaintiffs,

v.

STARWOOD HOTELS AND RESORTS WORLDWIDE, INC.,

Defendant.

Case No. C09-1827RSL

ORDER GRANTING DEFENDANT'S MOTION AND DISMISSING CASE

**I. INTRODUCTION**

This matter comes before the Court on defendant's motion to dismiss. Plaintiffs, a husband and wife, contend that defendant violated their rights under Title III of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 *et seq*. and the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et seq*. by requiring them to wait approximately thirty minutes for assistance in operating the wheelchair lift at a secondary entrance to the Sheraton Seattle Hotel. Defendant counters that plaintiff lack standing to pursue their ADA claim. Even if plaintiffs have standing, defendant contends that their claims lack merit because they were not denied access to the hotel: the undisputed evidence shows that they waited less than sixteen minutes for assistance, and they could have operated the lift themselves or used the accessible front entrance.

For the reasons set forth in this Order, the Court grants the motion.

## II. DISCUSSION

Plaintiffs went to the Sheraton on July 12, 2009 to attend a reception in their honor. They did not use the front entrance, which is fully accessible with no changes in level. Instead, they arrived at the secondary Pike Street entrance to the hotel, where they discovered several stairs between the entrance and the lobby that they could not navigate because Ms. Frankeberger uses a wheelchair. Both plaintiffs are legally blind and partnered with guide dogs. The stairway was equipped with a wheelchair lift. The keys needed to operate the lift were permanently tethered to the controls, and there were written instructions posted on how to operate the lift. Although plaintiffs arrived with a sighted companion, she did not operate the lift. Instead, Mr. Frankeberger used the telephone near the lift to call hotel staff for assistance. Mr. Frankeberger stated in a declaration filed in opposition to this motion that approximately thirty minutes elapsed between the time they entered the hotel and when they accessed the lobby. Declaration of Kevin Frankeberger, (Dkt. #20) at pp. 1-2. Mrs. Frankeberger's declaration does not state how long the grouped waited for assistance. Declaration of Rebecca Frankeberger, (Dkt. #21).

Defendant's security video of the entrance shows that Mr. Frankeberger ended his call for assistance at 4:11 p.m. Declaration of Reginald Beechamp, (Dkt. #13-2) at ¶ 13 & Ex. 5. The video also shows Security Supervisor Randy Miehls arrive to assist with the lift at 4:27 p.m. Id.; Declaration of Randy Miehls, (Dkt. #13-3) ("Miehls Decl.") at ¶ 10. Once plaintiffs were provided with assistance, Mrs. Frankeberger used the lift and the group traveled to the lobby within a few minutes. Plaintiffs do not dispute the authenticity of the video, the timing that it depicts, or that hotel security responded to the call in less than sixteen minutes. Rather, they assert that it took them approximately thirty minutes to reach the lobby level from the time they entered the hotel entrance. Based on the parties' submissions, there is no material dispute about the relevant facts.

**A. Motion to Dismiss for Lack of Standing.**

Plaintiffs have filed a claim under Title III of the ADA for an injunction requiring defendant to provide training to its staff, post a notice of its obligations under the ADA and WLAD, and establish procedures to ensure prompt access to the lift. Title III of the ADA only provides for injunctive relief. See, e.g., Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Pursuant to Federal Rule of Civil Procedure 12(b)(1), defendant has moved to dismiss plaintiff's ADA claim for lack of standing. To establish standing to obtain injunctive relief, plaintiffs must show a "credible threat" that they will suffer the harm they allege again. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 108 (1983); Murphy v. Hunt, 455 U.S. 478, 482 (182) (explaining that a "mere physical or theoretical possibility" that the challenged action will injure plaintiff in the future is insufficient). Although plaintiffs state in their declarations that future injury is likely because they may return to the hotel, those plans are insufficient to establish the likelihood of a future injury. Undisputedly, the hotel has a level main entrance that is fully accessible to disabled patrons, including wheelchair users. Plaintiffs have not argued or presented any evidence to show that the main entrance is somehow deficient. Now that they have full knowledge of that entrance, plaintiffs can access the hotel through that entrance without any delay or need for assistance. Accordingly, they have not shown that they have standing to pursue a claim under Title III of the ADA, and that claim is dismissed.

**B. Motion to Dismiss Based on Failure to State a Claim.**

Defendant seeks to dismiss based on lack of merit Mr. Frankeberger's claim that he was discriminated against based on his association with a disabled person in violation of 42 U.S.C. § 12182(b)(1)(E) and RCW 49.60.215. Mr. Frankeberger contends that he was delayed in getting to his reception because he would not leave his wife while she was waiting to use the lift. Defendant also seeks to dismiss plaintiffs' claims for denial of access under the ADA and RCW 49.60.215. Mr. Frankeberger's claim for associational discrimination and the remaining statutory claims all turn on whether Mrs. Frankeberger was actually denied access to the hotel,

so the Court will address that issue.

Both parties have submitted declarations that address the merits of whether Mrs. Frankeberger was denied access. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Pursuant to Federal Rule of Civil Procedure 12(d), the consideration of the supporting declarations converts this motion into a motion for summary judgment.

Plaintiffs contend that the submission of declarations converts this motion into a motion for summary judgment and gives them an opportunity to conduct discovery. Although the Court's consideration of the parties' declarations converts the motion into one for summary judgment, the rules do not automatically grant plaintiffs an opportunity to conduct further discovery. Rather, they must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" See Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986)). In this case, plaintiffs have identified only one potential area for discovery: "the extent to which Plaintiffs' visual impairments prevented them from reading the signage provided by Defendant." Plaintiffs' Opposition at p. 8. However, that information is already within plaintiffs' control. Regardless, for purposes of this motion, the Court will assume that plaintiffs could not read the posted lift instructions because of their visual impairments. Accordingly, the Court will not delay resolution of this motion to permit them to conduct discovery.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

In this case, plaintiffs do not dispute that defendant complied with applicable law by ensuring that at least half of its public entrances were accessible. In fact, three of the four entrances were accessible. Miehls Decl. at ¶¶ 5, 6. Rather, plaintiffs contend that defendant violated the ADA and state law by delaying their access to the lift, thereby denying them "service equal to that provided to others." Plaintiffs' Response at p. 8. To state a prima facie case under state law for the provision of unequal services, a plaintiff must prove the following elements: (1) plaintiff has a disability recognized under the statute; (2) defendant's business is a place of public accommodation; (3) plaintiff was discriminated against by receiving treatment that was not comparable to the level of designated services provided to non-disabled individuals; and (4) the disability was a substantial factor causing the discrimination. Fell v. Spokane Transit Auth., 128 Wn.2d 618 (1996). Similarly, federal regulations require places of public accommodation to provide equal services. 28 C.F.R. § 36.202(b). Despite claiming that they received unequal services, plaintiffs have offered no evidence in support of that claim. Instead, they assert that non-disabled patrons could ascend the stairs in a matter of seconds while they

could not. Other patrons could ascend more quickly, however, because of their physical abilities, not because of any different service provided by defendant. Nor have plaintiffs shown that defendant responded to other patrons' requests for assistance more quickly. Plaintiffs have also failed to provide any evidence that Mrs. Frankeberger's disability was a substantial factor causing the discrimination. Because plaintiffs have failed to provide any evidence to support their claim of the denial of equal services, their claim fails.

The failure to provide any evidence of how the hotel assisted non-disabled patrons also fatally undermines plaintiffs' claim that defendant violated WAC 162-26-070(4), which makes it an unfair practice to treat a disabled person as "not welcome, accepted, desired, or solicited the same as a non-disabled person." Even if plaintiffs felt less welcome, it is "the treatment of people, not people's subjective feelings," that is relevant. Fell, 128 Wn.2d at 636. Furthermore, plaintiffs' contention that they were treated as less welcome lacks even facial appeal because the main, front entrance to the hotel was fully accessible and two additional entrances were equipped with a lift, keys to operate it, and simple operating instructions.

Although plaintiffs did not assert a failure to accommodate or to modify practices claim in their complaint, their response to the motion claims that defendant violated the ADA by failing to "modify its practices that kept Plaintiffs waiting 15 or 30 minutes to use the wheelchair lift." Plaintiffs' Response at p. 8. However, plaintiffs have never requested a modification nor identified any policy or "practice" that caused the delay. See, e.g., Fortyune v. American Multi-Cinema, 364 F.3d 1075, 1082 (9th Cir. 2004) (explaining that a plaintiff must show that defendant failed to make a "requested reasonable modification" to a discriminatory policy or practice). Moreover, plaintiffs have failed to show a need for an accommodation given that the hotel's main entrance is fully accessible. Even if plaintiffs were unaware of that entrance and unable to operate the lift themselves, a wait of less than sixteen minutes for assistance was neither unreasonable nor reflective of discrimination. See, e.g., Anderson v. Ross Stores, Inc., 2000 WL 1585269 at *9 (N.D. Cal. 2000) (granting defendant's motion for summary judgment

and finding that a wait time for forty-five to sixty minutes for an accommodation was not unreasonable). Therefore, plaintiffs' claims are untenable.

Finally, plaintiffs request that if the Court is inclined to grant the motion to dismiss, then it should grant them leave to amend their complaint. However, they have not stated how they would amend their complaint or how the amendments would change the analysis of their claims. Accordingly, the request to amend is denied as unsupported and futile.

**III. CONCLUSION**

For all of the foregoing reasons, the Court GRANTS defendant's motion (Dkt. #13) and dismisses plaintiffs' complaint with prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiffs.

DATED this 1st day of June, 2010.

Robert S. Lasnik
United States District Judge